# United States District Court
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 2:97cr11(08) |
| | § | (Judge Ward) |
| KENDRICK TALTON | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court held a hearing on the matter on September 6, 2005. Defendant was represented by Ron Uselton. The Government was represented by Randall Blake.

On November 23, 1998, Defendant was sentenced by the Honorable David J. Folsom to 60 months custody followed by a four-year term of supervised release for the offense of possession with the intent to distribute cocaine base. On April 18, 2002, Defendant completed his period of imprisonment and began service of his supervised term. Defendant's conditions of supervised release were modified on June 12, 2003 to include a special condition for placement in a comprehensive sanction center for 120 days. Defendant commenced his placement on August 6, 2003, but was discharged on October 14, 2003.

Thereafter, on December 22, 2003, the United States Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The Court originally conducted a hearing on February 17, 2005 to determine whether Defendant violated

his supervised release. The Court determined that Defendant had violated his supervised release and ordered Defendant to spend 120 days in a comprehensive sanction center. After Defendant was once again discharged from the comprehensive sanction center, the Probation Officer filed a second Petition for Warrant or Summons for Offender Under Supervision on August 18, 2005.

The second petition asserted that Defendant violated the following condition: Defendant shall be placed in a comprehensive sanction center and successfully complete the comprehensive sanction center program for 120 consecutive days.

The petition alleges that Defendant committed the following acts: (1) On June 30, 2005, Defendant lied or provided a false statement to a staff member and failed to keep the facility advised of his whereabouts; (2) On June 18, 2005, Defendant refused to obey a direct order given by a staff member by sleeping in an unassigned bed; (3) Defendant failed to secure employment within the allotted time; (4) On May 3, 2005, Defendant was three hours and fifteen minutes late returning to the facility while out on a special sign-out pass; and (5) On June 27, 29, and 30, 2005, Defendant failed to perform his morning duties before exiting the facility; and (6) On July 12, 2005, Defendant was unsuccessfully terminated from the Volunteers of America Comprehensive Sanction Center for the above violations.

Defendant entered a plea of not true to each alleged violation. After so pleading, the Government then presented the testimony of Probation Officer Steve Johnson. Defendant took the stand on his own behalf.

Steve Johnson testified that he is the defendant's supervising probation officer.

He stated that Defendant was placed in a Community Confinement Center on May 3, 2005.  Mr. Johnson stated that Defendant arrived late at the facility on May 13, 2005 and was given five hours of extra duty.  Mr. Johnson further testified that Defendant refused to obey an order by sleeping in an unassigned bed, for which he was given 10 hours of additional duty.  Furthermore, Mr. Johnson claims that on June 30, 2005, Defendant signed out of the facility for work, but was not present at work when a monitor called to check on him.  Defendant instructed the monitor to call a co-worker to verify that he was at work, but the monitor later learned that the co-worker, who stated Defendant was at work, was incorrect and had no authority to confirm Defendant's presence.  Defendant and his co-worker were both terminated from their jobs.  Finally, Mr. Johnson stated that, due to multiple violations, Defendant was terminated from the comprehensive sanction center.

On cross-examination, Mr. Johnson admitted that no specific reason was given for Defendant's termination from the program.  Defendant only missed work on one occasion and was gainfully employed throughout much of his stay in the facility.  No records were admitted indicating that Defendant was in the wrong bed, and Defendant never submitted a dirty drug test.

Defendant testified that he slept in the bed originally assigned to him until, at 4:30 a.m. one morning, he was told that he was in the wrong bed.  He slept in the appropriate bed from that point forward.  He admitted that he did not get a job within 15 days of entering the facility, but stated that he found employment shortly thereafter.  Defendant claimed that he was late returning to the facility from a doctor's

3

appointment on May 13, 2005 because he had difficulty with the bus system. Defendant finally admitted to missing work on June 30, 2005, but stated that he did so in order to spend time with his brother before he departed to Europe for military service. Defendant admitted that he should not have lied.

Having considered the evidence presented, the Court accepts Defendant's explanations for his late arrival on May 13, 2005 and for sleeping in the wrong bed. Defendant has not refuted that he failed to secure employment within 15 days of entering the facility and that he was ultimately terminated from the facility. The Court further finds that Defendant lied to the staff about attending work on June 30, 2005 when he was, instead, visiting his brother.

## RECOMMENDATION

This Court finds that Defendant violated the conditions of his supervised release. The Court recommends that Defendant be sentenced to a term of imprisonment of seven (7) months. The Court further recommends that Defendant be given four (4) months credit for time served by Defendant prior to being placed in the comprehensive sanction center. The Court finally recommends that Defendant's term of supervised release continue until April 30, 2006.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from

*de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of September, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE